NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH BURNAM,

Plaintiff-Appellant,

v.

DENNIS SMITH, ET AL.,

Defendants-Appellees.

No.   17-16860

D.C. No.
2:13-CV-01804-ROS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted September 12, 2019
San Francisco, California

Before:  GOULD, BEA, and FRIEDLAND, Circuit Judges.

Kenneth Burnam, who was incarcerated at Federal Correctional Institution-

Phoenix ("FCI Phoenix"), appeals (1) the district court's grant of summary

judgment to four correctional officers of FCI Phoenix as to Burnam's claim that

they used excessive force to restrain him in violation of his Eighth Amendment

rights, and (2) the district court's grant of judgment as a matter of law under

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Federal Rule of Civil Procedure 50 to FCI Phoenix employee Frank Jacobs as to Burnam's claim that Jacobs violated the Eighth Amendment because he was deliberately indifferent to the significant risk that Burnam would be sexually abused by another FCI Phoenix employee.

A ruling on a motion for summary judgment is reviewed *de novo*. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). A claim will survive a motion for summary judgment unless there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The Court also reviews *de novo* a district court's decision to grant a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008); *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002). Judgment as a matter of law is appropriate only when "no reasonable jury" could find for the nonmoving party based on the evidence presented at trial. *Santos*, 287 F.3d at 858. In making either determination, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." *Torres*, 548 F.3d at 1205–06 (quoting *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000)); *see also Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991).

In January 2013, Burnam was detained temporarily in a small cell in FCI Phoenix's Secure Housing Unit. Construing the evidence in the light most

2

favorable to Burnam, he told prison staff that he intended to hang himself if he was given a cellmate, and a staff psychologist was called to assess Burnam. During the assessment, Burnam told the psychologist that he would kill himself, stood up, took off his shirt, and prepared to fashion the shirt into a noose. When the psychologist called for help, Burnam sat down with his shirt on his lap. Responding to the psychologist's call, defendants Frank Armenta, Fred Moreno, Jesus Rico, and Lucas Winn (all correctional officers at FCI Phoenix) arrived to find Burnam still sitting with his shirt in his lap. At some point, Burnam stood up. It is undisputed that Burnam was angry, swore at the officers, and was not handcuffed. The officers opened the cell door, grabbed the shirt from Burnam, took Burnam to the ground, stripped off his remaining clothes, and placed him in hand and leg restraints. Burnam was later treated for a small cut on his face.

Under the circumstances as they were presented by Burnam's own testimony, there was no clearly established law that prohibited the officers' conduct. Accordingly, the officers were entitled to qualified immunity, and the district court's grant of summary judgment to the officers is affirmed.

Burnam also appeals the district court's grant of judgment as a matter of law at the conclusion of trial to Jacobs, FCI Phoenix's Food Service Administrator and the supervisor of Carl Evans. The evidence presented at trial was as follows. Burnam worked in Food Service in 2011 and 2012. Evans subjected the inmate

3

cooks under his supervision, including Burnam, to regular sexual harassment and abuse, Jacobs witnessed this sexual harassment and abuse on many occasions, and he did not intervene. Instead, Burnam testified that Jacobs would "just shake his head . . . or say, cut it out," and walk away, and that Jacobs would often refer to another inmate as Evans' "boyfriend" or "boy toy" and to Evans by an effeminate nickname ("Evelyn"). Burnam further testified that about a month after he complained to Jacobs about Evans' conduct, Evans raped him in a storage room located in the prison's kitchen. Burnam subsequently sued Jacobs, alleging he was deliberately indifferent to the substantial risk that Evans would violate Burnam's constitutional rights.[1]

Burnam has a "clearly established" Eighth Amendment right "to be free from sexual abuse," *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000), and an implied cause of action exists for him to vindicate that right through monetary damages. The Supreme Court has extended monetary liability to a claim brought under the Eighth Amendment against prison officials who acted with deliberate indifference toward a substantial risk of an inmate suffering sexual abuse. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Similarly, this circuit has held that a *Bivens* cause of action exists where prison officials "failed to provide

---

[1] Burnam also sued Evans for an Eighth Amendment violation and obtained a default judgment against him.

[an inmate] adequate protection from beatings and sexual attacks." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971); *Carlson v. Green*, 446 U.S. 14, 18-23 (1980) (implying a *Bivens* cause of action in a different Eighth Amendment context). To be held liable for deliberate indifference to the sexual abuse of an inmate, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Burnam testified at trial that Jacobs used nicknames for Evans and others that potentially referred to Evans' reputation for sexual harassment and abuse, and that when Jacobs witnessed such behavior firsthand, instead of intervening or otherwise disciplining Evans, he would at most tell Evans to "cut it out," which instruction apparently did not deter Evans from similar behavior (including Evans' alleged rape of Burnam). From this, a reasonable juror could have concluded that Jacobs witnessed sexual abuse rising to the level of an Eighth Amendment violation and did nothing about it—and was therefore deliberately indifferent to the risk that Evans was sexually abusing inmates, including Burnam. In other words, Jacobs knew of and disregarded "an excessive risk to inmate health or safety" in the form of Evans' sexual abuse. *Id.* Accordingly, the district court erred in holding that Jacobs was entitled to judgment as a matter of law under Rule 50(a).

5

We therefore reverse and remand to the district court for retrial as to Burnam's deliberate indifference claim against Jacobs.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED and REMANDED in part.**